463 F.2d 238
 Complaint and Petition of INTERNATIONAL MARINE DEVELOPMENT
CORP., a Liberian Corp., as Owners of the SS
HULDA, in a Cause of Exoneration from or
Limitation of Liability, Civil
and Maritime.
James P. MARTIN and James B. Martin, d/b/a Port Marine
Supply, Appellants,
v.
INTERNATIONAL MARINE DEVELOPMENT CORP., Appellee.
Complaint and Petition of ONEIDA STEAMSHIP COMPANY, Inc., a
New York Corp., as Owners of the SS SILVER HAWK,
in a Cause of Exoneration from or
Limitation of Liability, Civil
and Maritime.
James P. MARTIN and James B. Martin, d/b/a Port Marine
Supply, Appellants,
v.
ONEIDA STEAMSHIP COMPANY, Inc., Appellee.
Complaint and Petition of the UNITED STATES of America, as
Owner of the SS ALAMO VICTORY, for Exoneration
from or Limitation of Liability.
James P. MARTIN and James B. Martin, d/b/a Port Marine
Supply, Appellants,
v.
UNITED STATES of America, Appellee.
 No. 71-2704 Summary Calendar.*
 United States Court of Appeals,
 Fifth Circuit.
 June 29, 1972.
 
 John S. Morris, Gulfport, Miss., A. S. Johnston, III, Biloxi, Miss., for appellants.
 E. S. "Ned" Nelson, Pascagoula, Miss. (Int'l Mar & Oneida), Thomas L. Jones, Adm. & Shipping Sec., Dept. of Justice, Washington, D. C., Robert E. Hauberg, U. S. Atty., Jackson, Miss., for appellees.
 Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The wake left by Hurricane Camille which devastated the Mississippi Gulf Coast in 1969 has not yet fully subsided. This cases involves three consolidated actions for property damage against three vessels which arose as a result of the hurricane. We affirm the judgment of the district court denying the claims of appellants.[1]
 
 
 2
 Three ocean going vessels were driven from their moorings by the force of the storm. The ship owners filed separate and independent actions for exoneration from or limitation of liability contending that their ships came adrift solely by an act of God and not as a result of any negligence on the part of those in charge of the vessels or any unseaworthiness of the vessels. Claimants Martin, appellants, filed claims against the three vessels for property damage to their piers, wharves and hoisting crane located at Gulfport Harbor, contending that the destruction of their property was a result of the ships being washed ashore during the hurricane. They contend that the ships should have left Gulfport as soon as they learned that Hurricane Camille was expected to strike the Mississippi Gulf Coast, and having failed to do so they are liable for the resulting damage.
 
 
 3
 The district court sitting without a jury exonerated the shipowners from any liability on the ground that the ships' masters acted in a reasonable and prudent manner in remaining in port during the hurricane and that the sole reason for the ships breaking from their moorings and the resultant damage to claimants' property was an act of God, Hurricane Camille.
 
 
 4
 The facts of this case are fully stated in the opinion of the district court; we think both the facts and the reasons given by the court adequately support the result reached. Therefore, upon the opinion of the district court, 328 F.Supp. 1316 (S.D.Miss.1971), we affirm.
 
 
 5
 Affirmed.
 
 
 
 *
 Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I
 
 
 [1]
 The proceeding in the district court involved, in addition to appellants here, various personal injury claimants and the cargo owners of the cargo aboard one of the vessels. The district court found that the vessel owner were entitled to exoneration from liability from all claims. 328 F.Supp. 1316 (S.D.Miss.1971). None of the personal injury claimants apealed. The cargo owners did appeal and this court affirmed the judgment of the district court. In re Complaint & Petition of International Marine Devel. Corp., 451 F.2d 763 (5th Cir. 1971)